ORIGINAL

**SEALED**
BY ORDER OF THE COURT

WARNING:    THIS IS A SEALED DOCUMENT CONTAINING NON-PUBLIC INFORMATION

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICAH SMITH
SARA D. AYABE #9546
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:  micah.smith@usdoj.gov
        sara.ayabe@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 0 4 2019

at____ o'clock and ___15___ min __ M
SUE BEITIA, CLERK

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19- CR19-00121 LEK |
| | ) | |
| Plaintiff, | ) | INDICTMENT |
| | ) | |
| vs. | ) | [18 U.S.C. § 844(i)] |
| | ) | |
| KENNETH PUAHI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

INDICTMENT

The Grand Jury charges:

## General Allegations

At all times material to this Indictment, unless otherwise specified:

1.     A commercial warehouse is located at 94-170 Leoole Street, Waipahu, Hawaii.  Multiple businesses operate out of the warehouse, including a roofing business and a shipping business.  The roofing business regularly purchases materials from out of the State of Hawaii in the course of its operations. The shipping business regularly ships goods and products from the State of Hawaii to locations outside of the State of Hawaii in the course of its operations.

2.     In or about 2018, KENNETH PUAHI, the defendant, leased a space in the commercial warehouse.  PUAHI represented himself to be operating a bar and restaurant.  By no later than July 2018, however, PUAHI was operating a suspected illegal gambling business in the space he leased.

3.     Hawaii state law prohibits certain forms of gambling activity.  For example, Hawaii Revised Statute § 712-1222 makes it a crime to "knowingly advance[] or profit[] from gambling activity."

4.     In or about July 2018, the owners of the commercial warehouse received notice that the space in the commercial warehouse leased by PUAHI was suspected of being used to conduct illegal gambling activity.  In response to this

notice, beginning in or about July 2018, the owners of the commercial warehouse began to make efforts to evict PUAHI from the commercial warehouse.

<u>Arson of a Building Used in Interstate Commerce</u>
(18 U.S.C. § 844(i))

5.      Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

6.      On or about April 14, 2019, within the District of Hawaii, KENNETH PUAHI, the defendant, did maliciously damage and attempt to damage, by means of fire and explosive materials, the building at 94-170 Leoole Street, Waipahu, Hawaii, which building was used in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 844(i).

<u>First Forfeiture Notice</u>

1.      The allegations set forth in all paragraphs of this Indictment are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B).

2.      The United States hereby gives notice that, upon conviction of the offense in violation of Title 18, United States Code, Section 844(i), set forth in this Indictment, KENNETH PUAHI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3.      If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 above:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be

          subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

## Second Forfeiture Notice

1.      The allegations set forth in all paragraphs of this Indictment are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      The United States hereby gives notice that, upon conviction of the offense in violation of Title 18, United States Code, Section 844(i), set forth in this Indictment, KENNETH PUAHI, the defendant, shall forfeit to the United States,

4

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.     If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 above:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Third Forfeiture Notice

1.     The allegations set forth in all paragraphs of this Indictment are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 844(c), and Title 28, United States Code, Section 2461(c).

5

2.      The United States hereby gives notice that, upon conviction of the offense in violation of Title 18, United States Code, Section 844(i), set forth in this Indictment, KENNETH PUAHI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 844(c), and Title 28, United States Code, Section 2461(c), any explosive materials involved or used or intended to be used in the violation.

3.      If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 above:

     a.      cannot be located upon the exercise of due diligence;

     b.      has been transferred or sold to, or deposited with, a third party;

     c.      has been placed beyond the jurisdiction of the court;

     d.      has been substantially diminished in value; or

     e.      has been commingled with other property which cannot be subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States

//

//

//

//

6

Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

DATED: September 4, 2019, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson

_____

FOREPERSON, GRAND JURY

_____

KENJI M. PRICE
United States Attorney
District of Hawaii

_____

MICAH SMITH
SARA D. AYABE
Assistant U.S. Attorneys

United States v. Kenneth Puahi
Indictment
Cr. No.    CR19-00121 LEK