ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

SARA D. AYABE #9546
MICAH SMITH
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: sara.ayabe@usdoj.gov
       micah.smith@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 05 2020

at 12 o'clock and 45 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 19-00121-LEK |
| ) | |
| Plaintiff, ) | SUPERSEDING INDICTMENT |
| ) | |
| vs. ) | [18 U.S.C. §§ 2261A(2), |
| ) | 2261(b)(3), and 844(i)] |
| KENNETH PUAHI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

SUPERSEDING INDICTMENT

The Grand Jury charges:

## General Allegations

At all times material to this Superseding Indictment, unless otherwise specified:

1. A commercial warehouse is located at 94-170 Leoole Street, Waipahu, Hawaii. Multiple businesses operate out of the warehouse, including a roofing business and a shipping business. The roofing business regularly purchases materials from out of the State of Hawaii in the course of its operations. The shipping business regularly ships goods and products from the State of Hawaii to locations outside of the State of Hawaii in the course of its operations.

2. In or about 2018, KENNETH PUAHI, the defendant, was leasing a space in the commercial warehouse. PUAHI represented himself to be operating a bar and restaurant. By no later than July 2018, however, PUAHI was suspected of operating an illegal gambling business in the space he leased.

3. Hawaii state law prohibits certain forms of gambling activity. For example, Hawaii Revised Statute § 712-1222 makes it a crime to "knowingly advance[] or profit[] from gambling activity."

4. In or about July 2018, the owners of the commercial warehouse received notice that the space in the commercial warehouse leased by KENNETH PUAHI, the defendant, was suspected of being used to conduct illegal gambling

activity. In response to this notice, and because PUAHI also had not paid all of the rent that he owed, beginning in or about July 2018, the family that owned the commercial warehouse (AF1, AM1, and AM2) and their property manager (AF2) retained an attorney (AF3) to assist them with efforts to evict PUAHI from the commercial warehouse.

Count 1
Cyberstalking
(18 U.S.C. §§ 2261A(2) and 2261(b)(3))

5.  Paragraphs 1 through 4 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

6.  In or about and between October 2018 and June 2019, both dates being approximate and inclusive, within the District of Hawaii, KENNETH PUAHI, the defendant, with the intent to injure, harass, and intimidate another person, namely, AM1, his spouse, AF1, and his immediate family member, AM2, did use one or more facilities of interstate and foreign commerce, including a cellular telephone, to engage in a course of conduct that placed AM1 in reasonable fear of serious bodily injury to himself, AF1, and AM2, and that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to AM1, AF1, and AM2.

//
//

<u>Use of a Dangerous Weapon</u>

7. During the offense charged in Count 1 of this Superseding Indictment, KENNETH PUAHI, the defendant, did use a dangerous weapon, namely: (a) one or more firearms, which PUAHI referred to so that AM1, AF1, and AM2 would know that PUAHI had one or more firearms available if needed; (b) a broomstick, which PUAHI brandished at AM1; and (c) the fire and explosive materials that PUAHI used to commit the arson charged in Count 4 of this Superseding Information.

All in violation of Title 18, United States Code, Sections 2261A(2)(A), 2261A(2)(B), and 2261(b)(3).

<u>Count 2</u>
Cyberstalking
(18 U.S.C. §§ 2261A(2) and 2261(b)(3))

8. Paragraphs 1 through 4 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

9. In or about and between October 2018 and June 2019, both dates being approximate and inclusive, within the District of Hawaii, KENNETH PUAHI, the defendant, with the intent to injure, harass, and intimidate another person, namely, AF2, did use one or more facilities of interstate and foreign commerce, including a cellular telephone, to engage in a course of conduct that

4

placed AF2 in reasonable fear of serious bodily injury to herself, and that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to AF2.

### Use of a Dangerous Weapon

10.  During the offense charged in Count 2 of this Superseding Indictment, KENNETH PUAHI, the defendant, did use a dangerous weapon, namely: (a) one or more firearms, which PUAHI referred to so that AF2 would know that PUAHI had one or more firearms available if needed; (b) a broomstick, which PUAHI brandished at AM1, at a time when AF2 was present; and (c) the fire and explosive materials that PUAHI used to commit the arson charged in Count 4 of this Superseding Information.

All in violation of Title 18, United States Code, Sections 2261A(2)(A), 2261A(2)(B), and 2261(b)(3).

### Count 3
Cyberstalking
(18 U.S.C. §§ 2261A(2) and 2261(b)(3))

11.  Paragraphs 1 through 4 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

12.  In or about and between October 2018 and June 2019, both dates being approximate and inclusive, within the District of Hawaii, KENNETH

PUAHI, the defendant, with the intent to injure, harass, and intimidate another person, namely, AF3, did use one or more facilities of interstate and foreign commerce, including a cellular telephone, to engage in a course of conduct that placed AF3 in reasonable fear of serious bodily injury to herself, and that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to AF2.

## Use of a Dangerous Weapon

13. During the offense charged in Count 3 of this Superseding Indictment, KENNETH PUAHI, the defendant, did use a dangerous weapon, namely: (a) one or more firearms, which PUAHI referred to so that AF3 would know that PUAHI had one or more firearms available if needed; (b) a broomstick, which PUAHI brandished at AM1, at a time when AF3 represented AM1 as an attorney; and (c) the fire and explosive materials that PUAHI used to commit the arson charged in Count 4 of this Superseding Information.

All in violation of Title 18, United States Code, Sections 2261A(2)(A), 2261A(2)(B), and 2261(b)(3).

//

//

//

//

Count 4
Arson of a Building Used in Interstate Commerce
(18 U.S.C. § 844(i))

14.   Paragraphs 1 through 4 of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

15.   On or about April 14, 2019, within the District of Hawaii, KENNETH PUAHI, the defendant, did maliciously damage and attempt to damage, by means of fire and explosive materials, the building at 94-170 Leoole Street, Waipahu, Hawaii, which building was used in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 844(i).

First Forfeiture Notice

1.   The allegations set forth in paragraphs 1-4 and 14-15 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B).

2.   The United States hereby gives notice that, upon conviction of the offense in violation of Title 18, United States Code, Section 844(i), set forth in Count 4 of this Superseding Indictment, KENNETH PUAHI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

    3.    If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 above:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

Second Forfeiture Notice

    1.    The allegations set forth in paragraphs 1-4 and 14-15 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.   The United States hereby gives notice that, upon conviction of the offense in violation of Title 18, United States Code, Section 844(i), set forth in Count 4 of this Superseding Indictment, KENNETH PUAHI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.   If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 above:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

//

//

## Third Forfeiture Notice

1. The allegations set forth in paragraphs 1-4 and 14-15 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 844(c), and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice that, upon conviction of the offense in violation of Title 18, United States Code, Section 844(i), set forth in Count 2 of this Superseding Indictment, KENNETH PUAHI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 844(c), and Title 28, United States Code, Section 2461(c), any explosive materials involved or used or intended to be used in the violation.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 above:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED: February 5, 2020, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson

_____
FOREPERSON, GRAND JURY

_____
KENJI M. PRICE
United States Attorney
District of Hawaii

_____
SARA D. AYABE
MICAH SMITH
Assistant U.S. Attorneys

United States v. Kenneth Puahi
Superseding Indictment
Cr. No. 19-00121-LEK

11